UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA GLEWWE and CHRISTINE SCANLON, *on behalf of themselves and all other employees similarly situated,*<br><br>　　　　　　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>THE EASTMAN KODAK COMPANY,<br><br>　　　　　　　　　　　　　*Defendant.* | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil Action<br><br>No. _____ |

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to: redress the deprivation of rights secured to plaintiffs, Rebecca Glewwe and Christine Scanlon individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"); state laws requiring the payment of overtime; state laws requiring the payment of wages; breach of state contract law; and other violations to Rebecca Glewwe and Christine Scanlon individually, as well as all other employees similarly situated.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201.

3. This Court's supplemental jurisdiction of claims arising under the state statutes is also invoked.

4. Venue is appropriate in the Western District of New York since the defendant is located in this district.

## PARTIES

### A. Defendant

5. Defendant, The Eastman Kodak Company ("Kodak") is a corporation and has a principal place of business within the Western District of New York.

6. Kodak is engaged in the sale of goods crossing interstate lines.

7. Kodak is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

8. At all times relevant to this action, the defendant is the employer of plaintiffs within the meaning of 29 U.S.C. § 203(d) and comprises an "enterprise" engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### B. Plaintiffs

*Named Plaintiffs*

9. At all relevant times, defendant served as an employer of Rebecca Glewwe as defined by the FLSA and relevant state law.

10. At all relevant times, defendant served as an employer of Christine Scanlon as defined by the FLSA and relevant state law.

11. The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members. There are no known conflicts of

H:\LeTouzel\Complaint - FLSA - Non-NY.doc

interest between the named plaintiffs and class members.

*Class Members*

12. The Class Members are those individuals for whom defendant qualified as their employer under the FLSA and/or relevant state law and who:

    a. defendant suffered or permitted to perform compensable work for the defendant outside the State of New York;

    b. were not paid on a salary basis; and

    c. were not paid overtime at one and one-half their regular rate when they worked more than 40 hours in a week and/or were not fully compensated for all hours they worked below 40 hours a week.

and are thus similarly situated to Rebecca Glewwe and Christine Scanlon.

13. Common questions of law and fact predominate in this action because the claims of all class members are based on whether Kodak's policy of not paying wages and statutory overtime to nonexempt individuals for all time worked violates state laws requiring the payment of wages and/or overtime.

14. The number of class members is believed to be over 50.

15. The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

## FACTUAL BACKGROUND

16. Throughout their tenure with defendant, named plaintiffs Glewwe and Scanlon and the class members performed work for the defendant, often worked more than 40 hours in a week.

17. Defendant had agreed to pay plaintiffs wages at a fixed hourly rate and all applicable statutory premiums.

18. In reliance on those promises, plaintiffs accepted the promised bargain and provided consideration, by among other things, working the time on behalf of defendant.

19. When such employees worked over forty hours in a week, they frequently were not paid time and one-half of their hourly rate for such hours in violation of statutory and common law.

20. Similarly, in weeks in which plaintiffs worked under 40 hours in a week, they were not compensated for all work performed.

21. Defendant suffered and permitted named plaintiffs and the class members to work those hours and defendant was aware that plaintiffs did in fact work such time.

22. It is the defendant's policy and/or practice to not compensate named plaintiffs and the class members at a rate of one-and-a-half times their regular rate of pay for all hours worked in excess of 40, and to not fully compensate plaintiffs for time worked below 40 hours in a week.

23. Defendant's policy and/or practice is not to ensure that it pays wages as required by law.

24. This policy applies to all employees similarly situated at all of defendant's locations around the country.

25. Defendant's policy of not paying wages to employees similarly situated is long-standing and, upon information and belief, has been in effect for at least six years.

26. The defendant's practice is to be deliberately indifferent to these violations of the law.

27. This failure to pay overtime as required by the FLSA and state law was willful.

28. Defendant made payments to plaintiffs that were not included in plaintiffs'

regular rate of pay.

29. The plaintiffs are not raising any claims which they have validly released by written agreement, but are expressly asserting claims which cannot be released absent judicial approval under the FLSA.

## FIRST CAUSE OF ACTION
*FLSA*

30. Plaintiffs reallege the above paragraphs as if fully restated herein.

31. Defendant willfully violated its obligations under the FLSA and is liable to plaintiffs.

## SECOND CAUSE OF ACTION
*State Wage Claims*

32. Plaintiffs reallege the above paragraphs as if fully restated herein.

33. Defendant willfully violated its obligations under the state laws of Alaska, Arkansas, California, Colorado, Connecticut, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Puerto Rico, Rhode Island, Utah, Vermont, Washington, Washington, D.C., West Virginia and Wisconsin and is liable to plaintiffs.

## THIRD CAUSE OF ACTION
*Breach of Contract*

34. Plaintiffs reallege the above paragraphs as if fully restated herein.

35. Defendant willfully violated its obligations under the state laws of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland,

Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, Washington, D.C., West Virginia and Wisconsin and is liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendant in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining defendant from engaging in the aforementioned pay violations;

(b) an award of the value of plaintiffs' unpaid wages, including fringe benefits;

(c) liquidated damages equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs;

(d) all compensation and damages available under the relevant state statutes;

(e) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights;

(f) an award of pre- and post-judgment interest; and

(g) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact.

Dated: September 7, 2005

                                    DOLIN, THOMAS & SOLOMON LLP

By: */s/ J. Nelson Thomas/*
J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
*Attorney for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

EXHIBIT A

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest The Eastman Kodak Company's failure to pay me wages and/or overtime as required under state and federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Becky Glenwe_    8/31/05        _Becky K Glenwe_
**Signature**        **Date**        **Print Name**

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest The Eastman Kodak Company's failure to pay me wages and/or overtime as required under state and federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Christine Scanlon_  8/31/05   _Christine Scanlon_
**Signature**                **Date**              **Print Name**