UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REBECCA GLEWWE and CHRISTINE SCANLON,
on behalf of themselves and all others similarly
situated,

                         Plaintiffs,

                                                      05-CV-6462T

                    v.                        **DECISION
                                              and ORDER**

THE EASTMAN KODAK COMPANY,

                         Defendant.

_____


                         INTRODUCTION

     Plaintiffs Rebecca Glewwe ("Glewwe") and Christine Scanlon,

("Scanlon") bring this action for declaratory relief and monetary

damages on behalf of themselves and all others similarly situated,

alleging that the defendant Eastman Kodak Company ("Kodak")

violated their rights under the Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), the labor and wage

laws of several states other than New York State, and breached

several employment contracts.

     Kodak moves to dismiss the Complaint in-part, and to strike

portions of the Complaint.  Although Kodak does not move to dismiss

plaintiffs' federal collective action claim under the FLSA,

defendant seeks to dismiss plaintiffs' state labor and wage law

class-action claims on grounds that plaintiffs lack standing to

bring such claims, and that proposed class is invalid pursuant to

Rule 23 of the Federal Rules of Civil Procedure for failure to meet the requirements that the class share questions of fact and law common to the members of the class.  Defendant further contends that the plaintiffs, both of whom signed releases waiving certain claims against Kodak, do not have claims that are typical of the claims of the proposed class.  Kodak also urges the court to decline any exercise of supplemental jurisdiction over plaintiffs' state law claims, and dismiss those claims for lack of jurisdiction.  In support of this contention, Kodak argues that the state claims, which are brought pursuant to the laws of 50 states and territories, would predominate over the federal claim, and would create unmanageable complexity. Kodak further moves to dismiss those portions of the Complaint seeking injunctive relief on grounds that plaintiffs are not entitled to such relief as a matter of law. Additionally, defendant moves to strike the plaintiffs' proposed class certification form titled "Consent to Become a Party Plaintiff" pursuant to Rule 12(f) because it is substantively inaccurate.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiffs' state law claims on grounds that plaintiffs have failed to satisfy the requirements for a class action lawsuit as set forth in Rule 23 of the Federal Rules of Civil Procedure. Specifically, I find that plaintiffs can not adequately represent the interests of the proposed class of plaintiffs, and that there

is a lack of commonality of factual and legal issues among the proposed class.  Moreover, I find that if the plaintiffs' state claims were allowed to proceed, those claims would predominate over the federal claim and would render the action unduly complicated. Therefore, I decline to exercise supplemental jurisdiction over those claims.  Finally, I grant defendant's motion to dismiss plaintiffs' claims for injunctive relief, and deny as premature defendant's motion to strike the plaintiffs' proposed "opt-in" form.

### BACKGROUND

Plaintiffs are former Kodak employees who worked for Kodak solely in the Oakdale, Minnesota call center as Customer Service Support Representatives. Glewee began her employment with Kodak on January 1, 1999 and Scanlon began her employment with Kodak on August 16, 1999. Plaintiffs' positions were eliminated pursuant to a reduction in work force effective April 17, 2003. In connection with the reduction in work force process, both plaintiffs received an Agreement, Waiver and Release ("Release Agreement") which set forth terms of their severance packages. The Release Agreement gave plaintiffs forty-five days (45) days to accept or reject the Agreement, and the Agreement stated in bold print "YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT." In addition, the Release Agreement contained a general release that specifically released, Kodak from, *inter alia*, "claims for

salary,...bonuses or compensation of any kind," "claims for breach of any alleged oral, written or implied contracts" and FLSA claims. Moreover, the Release Agreement contained a covenant in which plaintiffs agreed not to sue Kodak on any claim that could be released as a matter of law or to "assist any other person or entity in bringing any lawsuit against Kodak in any state or federal court." Glewwe executed her Release Agreement on April 2, 2003, and Scanlon executed hers on March 31, 2003. The Release Agreements allowed employees to revoke their agreements within seven days, but neither plaintiff did so. There is no claim made in the Complaint that Kodak failed to honor the terms of the Release Agreement.

On September 7, 2005, plaintiffs, pursuant § 216(b) of the FLSA, filed this Complaint against Kodak on behalf of themselves and all others similarly situated alleging that Kodak failed to pay them overtime in compliance with the FLSA. Plaintiffs also maintain that their state wage claims and breach of contract claims should be prosecuted as Rule 23 class-action suits.  Plaintiffs seek to prosecute their claims on behalf of a class comprised of Kodak employees who were employed *outside* the state of New York. Furthermore, plaintiffs allege violations of 33 states' wage laws as well as those of Washington, D.C. and Puerto Rico and claims of breach of contract under the common law of 48 states as well as Washington, D.C. and Puerto Rico. On November 2, 2005, Kodak moved

to dismiss several claims alleged in the Complaint. Plaintiffs oppose the motions.

DISCUSSION

I.    The State Law Claims

Kodak maintains that the dismissal of plaintiffs' state law claims is warranted because the plaintiffs lack standing to pursue those claims, and that the proposed class does not meet the requirements for a viable class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Kodak further argues that even if the plaintiffs could maintain a class action pursuant to their state law claims, the court should decline to exercise jurisdiction over those claims.

A.    Plaintiffs' proposed class fails to satisfy the requirements for a class action pursuant to Rule 23.

Although plaintiffs have not yet moved for class certification, courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. See Reinsich v. New York Stock Exch., 52 F.R.D. 561, 564 (S.D.N.Y. 1971); Miller v. Motorola, Inc., 76 F.R.D. 516 (N.D. Ill. 1977). In fact, Rule 23 (c)(1) encourages courts to "at an early practicable time-determine by order whether to certify the action as a class action." See, Fed.R.Civ.P. 23(c)(1).

Under Rule 23(a), one or more members of a class may sue or be sued as representative parties of the class **only if:**

> (1)   the class is so numerous that joinder of all members if impracticable,

> > (2)   there are questions of law or fact common to the
> >         class,
> > (3)   the claims or defenses of the representative parties
> >         are typical of the claims and defenses of the class,
> >         **and**
> > (4)   the representative parties will fairly and
> >         adequately protect the interests of the class.

Fed.R.Civ.P. 23(a), emphasis added.   The four requirements set forth above are commonly referred to as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

In this case, the plaintiffs' state law claims fail to meet the commonality requirement of Rule 23(a)(2) , and the adequacy requirement of Rule 23(a)(4).   The state wage claims lack commonality because they are being brought under 35 separate wage laws, each with its own peculiar requirements and defenses. Similarly, the breach of contract claims are being brought pursuant to the laws of 50 jurisdictions.   Because adjudication of these claims would require the interpretation and application of several different laws of several different states and territories, I find that plaintiffs have failed to establish that the state wage and contract claims of the purported class are common among the class. See Kaczmarek v. IBM, 186 F.R.D. 307, 312-313 (S.D.N.Y. 1999) ("The prospect of determining the law of all fifty states and then applying the materially different laws that exist...would make this class action too complicated and unmanageable.")

Additionally, plaintiffs fail to meet the requirements of Rule 23(a)(4) because they are inadequate class representatives.

Plaintiffs executed Release Agreements in which they covenanted not to "assist any other person or entity in bringing any lawsuit against Kodak."  Because they have sworn not to bring an action under state law against Kodak, and there is no contention that the release of their state law claims is invalid, I find that plaintiffs can not adequately protect the interests of the proposed class with respect to state law claims.

Morever, I find that even if the plaintiffs could establish the commonality, and adequacy requirements, the plaintiffs cannot satisfy any of the requirements of Rule 23 (b), and therefore, cannot maintain the state claims of this action as a class action. Rule 23(b) of the Federal Rules of Civil Procedure provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish:

> (1)   the prosecution of separate actions by or against individual members of the class would create a risk of
>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

> (2)   the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby making appropriate final injunctive relief

> > or corresponding declaratory relief with respect to the class as a whole; or
>
> > (3)  the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

Initially, I note that Rule 23(b)(2) does not apply in this case.  Rule 23(b)(2) "was never intended to cover causes...where the primary claim is for damages . . . ." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968), rev'd on other grounds 479 F.2d 1005 (2d Cir. 1973). Rather, Rule 23(b)(2) "is only applicable when the relief sought is exclusively and predominately injunctive." Eisen, 391 F.2d at 564.  Here, plaintiffs' primary goal is an award of damages, and therefore Rule 23(b)(2) is not applicable to this matter.

With respect to Rule 23(b)(3), I find that common issues of law or fact do not predominate over the individual issues applicable to the purported class members. As set forth above, the employees at issue were employed in several different states at several different locations subject to different terms and conditions, and different state laws.  Different remedies are available in each state, and the methods of overtime calculation vary from state to state.  Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that plaintiffs

have failed to establish a basis for a class action pursuant to Rule 23(b)(3).

Finally, I find that plaintiffs have failed to establish that there is a substantial risk of inconsistent adjudications that would require Kodak to adopt incompatible standards of conduct, or that adjudications with respect to some members of the proposed class would prevent other members from fully or fairly litigating their individual state law claims.  The adjudication of claims in one jurisdiction pursuant to that jurisdiction's laws will have no preclusive effect on the rights of other employees in other jurisdictions to prosecute their own claims, either individually or as members of a class defined under that jurisdiction's laws and rules.   Accordingly, I find that plaintiffs have failed to establish that a class action in this case is necessary to avoid inconsistent results.

Based on the foregoing analysis, I find that even if plaintiffs could satisfy Rule 23(a), they cannot meet *any* requirement of Rule 23(b). Accordingly, I grant defendant's motion to dismiss plaintiffs' state law wage and contract claims.

B. The State Law Claims-Supplemental Jurisdiction

Kodak maintains that this Court should decline to exercise supplemental jurisdiction and dismiss the state law claims alleged in the Complaint.

A court may exercise supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1996). 28 U.S.C. § 1367(c) provides that a court can in its discretion decline to exercise supplemental jurisdiction if:

> 1) the claim raises novel or complex issues of State law;
> 2) the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider whether, *inter alia* "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. United Mine Workers, 383 U.S. at 726.

In this case, the plaintiffs' claims stem almost exclusively from Kodak's alleged failure to pay overtime to the plaintiffs in violation of federal and state laws.  However, considering the number of state laws involved (35 jurisdictions' wage laws and 50 jurisdictions' breach of contract laws), it is clear that the state claims would present complex issues of state law that would substantially predominate over the FLSA claim.  Such a diverse undertaking deserves the individualized analysis and attention that

each state court would provide. Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(1) and 28 U.S.C. 1367(c)(2) over the state law wage and contract claims because those claims raise complex, diverse issues of state law that will substantially predominate over the FLSA claim. Therefore, pursuant to Rule 12(c), Kodak's motion to dismiss the state law claims is granted.

II.   Injunctive Relief

Kodak maintains that plaintiffs' request for injunctive relief, specifically a preliminary and permanent order restraining Kodak from engaging in any pay violations, should be dismissed because individual injunctive relief is not available under the FLSA and it is not an appropriate for this Court to decide injunctive relief under the state law claims.

It is well settled that the FLSA does not give a private individual the right to obtain an injunction, but gives this right only to the Secretary of Labor. Mulverhill v. New York, No. 91-cv-1282, 1997 U.S. Dist. LEXIS 10109, at * 24-25 (N.D.N.Y. July 11, 1997). With respect to plaintiffs' state law claims for injunctive relief, I decline to exercise supplemental jurisdiction over those claims. Thus, pursuant to Rule 12(c), Kodak's motion to dismiss plaintiffs' claims for injunctive relief is granted.

III.   The Plaintiffs' Consent Form

Kodak maintains that plaintiffs' opt-in forms are improper and that the forms should be dismissed pursuant to Rule 12(f) because it uses the language of "named plaintiff" instead of "representative plaintiff."  I find analysis of the "opt-in" form to be premature at this time, as no class action has been certified, and accordingly I deny defendant's motion to strike or dismiss the opt-in form.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the state class allegations is granted, defendant's motion to dismiss the state law claims is granted, and defendant's motion to dismiss plaintiffs' claim for injunctive relief is granted. The Court deny's defendant's motion to strike or dismiss the "opt-in" form.  While plaintiffs' collective action claims under the FLSA on behalf of employees not employed in New York State remain pending, all other claims are dismissed.


ALL OF THE ABOVE IS SO ORDERED.


                              S/Michael A. Telesca
                              MICHAEL A. TELESCA
                         United States District Judge

Dated:    Rochester, New York
          May 25, 2006